ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COMPLAINT

Dorothy H. Riggio,

                    Plaintiff,

-against-



Verizon Communications Inc.,  Experian Services
Corp.,  Equifax Credit,  Transunion, and Directv,
                    Defendants.

JURY REQUESTED

## PARTIES ADDRESSES



WEINSTEIN, J.

BLOOM, M.J.

Dorothy H. Riggio
1515 Cropsey Avenue
Brooklyn, NY 11228

Transunion Consumer Relations
PO Box 2000
Chester, PA 19022-2000

Experian
NCAC
PO Box 9556
Allen, TX 75013

Equifax Information Services
PO Box 740256
Atlanta, GA 30374

DTV
Dispute Department
PO Box 6550
Greenwood Village, CO 80155-6550

Verizon
PO Box 15124
Albany NY 12212

## JURISDICTION

1. Upon information and belief, during all relevant time periods referenced in this
complaint, all defendant companies listed above did business in both the city and state of
New York.

2. Upon information and belief, all defendant companies are foreign corporations, licensed to do business in New York.

## FACTUAL BACKROUND

### Facts relating to Verizon

3. In February of 2007, I called to cancel my Verizon account, # 716 608 7667 361 267, in light of a pending move from Buffalo, New York to Brooklyn, New York.

4. During this call, the Verizon representative suggested transferring the account to the new address, in hopes of retaining the account with Verizon. In response, I requested a rate for having all three services (cable, phone and internet) at the new address in Brooklyn, NY.

5. The representative explained that the television services were not cable, but Direct TV services, and Verizon could provide all three services at a rate of approximately $100 per month.

6. Satisfied with the low rate for all three services, I asked if the new area was in fact serviceable for all three services. The representative placed me on hold, and verified that all three could be provided at the new address given. I explained the importance of this, since I worked primarily from home, and needed internet service to work and earn an income. I also explained that I had moved several times in the past, and was familiar with common problems relating to serviceable and unserviceable areas. She assured me again that all three services, and particularly internet were available through Verizon at the new address.

7. On or around February 11, 2007, Verizon and Direct TV attempted to install all three services. The Direct TV services were installed, Verizon telephone service was installed, but Verizon internet services were never activated, despite efforts by the Verizon installer.

8. I was told by the installer that since the address had never been serviced for internet prior to the install date, a "signal" would take a few days to achieve. After the installer left, I called Verizon, and was given the same explanation for the lack of internet service.

9. After waiting for over a week, I never received any internet service. I also called the Verizon office, and was finally told that the address was not serviceable.

10. As such, I promptly cancelled the package, and told the Verizon representative of the grave mistake made, in that I was misled and as such lost two weeks of income.

11. I immediately called Cablevision, Verizon's competitor, and ordered all three services for the low rate of approximately $100. An appointment was set up, and installation was made and successful on February 22, 2007.

12. After this, I received various bills from both Direct TV and Verizon.

13. Upon receipt of the bill from Verizon, I called the company and clarified and distinguished charges for the remaining services in Buffalo, NY, and for the phone services in Brooklyn, NY. I was told that the charges for the internet would be removed from my bill since I never received any service.

14. I made my payment to Verizon for the phone charges, but unfortunately, and despite numerous and time consuming calls explaining the fact that I never received internet services at the new address, I kept receiving invoices for internet services. Additionally, despite the ongoing contact I retained by consistently calling Verizon about the erroneous bills, Verizon placed my account into collections with various companies. As will be set forth in more detail below, I notified these collection companies of the dispute, but Verizon verified the balance notwithstanding the fact that it was aware of the error.

15. In or around December of 2007, Verizon reported the erroneous debt to all three credit bureaus. Despite having called each Bureau to dispute the erroneous debt listed by Verizon, Verizon subsequently verified the same.

## FACTS RELATING TO DIRECT TV

16. In or around April, 2007, I made full payment to Direct TV for the television services I received during the short period of time it was installed. I was instructed to return their equipment, which I did promptly.

17. Later, I was billed by Direct TV for $161.82, a charge the company claimed as an early termination charge. I called Direct TV, and explained the issues I had, but they refused to cancel the early termination charge. I paid the $161.82, under duress, and sent a letter to their dispute department outlining the same. (See Ex. ). In sum, the letter demanded a refund since the contract for service was for three separate services at one low rate. Since I was unable to receive all three services due to no fault of my own, any indirect obligation I had with Direct TV was cancelled.

18. A representative called me after receiving the letter, and refused to refund the amount. When I signed up with Verizon for all three services, I was never informed of an early termination fee applicable from either Verizon or Direct TV, orally or expressly.

## FACTS RELATING TO CREDIT BUREAUS AND VERIZON

19. During May of 2006, unbeknownst to me, three credit accounts were fraudulently opened using my name and, upon information and belief, my social security number. The accounts were for Dell, J Crew and American Eagle Outfitters.

20. I initially became aware of only one of the three aforementioned accounts when I received a collection notice dated December 19, 2007, from the Northland Group Inc. for American Eagle Outfitters, account number ending in 3168. Upon receipt, I contacted a representative, to discuss the details of the debt. The representative provided the date the account was opened, (May 17, 2006) the default date (February 8, 2007), and the address on the account (823 Utica Avenue, Brooklyn, NY). The address given was one I never heard of, let alone resided at. I explained that this account was not mine, but wanted to avoid credit problems. The representative gave me a website to download my credit reports from all three bureaus, and suggested that I pay the bill to avoid further damage to my credit. In light of my dilemma, the representative reduced the debt to nearly half the demanded amount. As such I paid the fraudulent debt. See ex.

## AS AND FOR A SECOND CAUSE OF ACTION

32. Pursuant to the Fair Credit Reporting Act, et seq. (FCRA), Verizon, Transuinon, Equifax and Experian, (collectively referred to as Reporting Defendants), received actual notice from me that there existed various inaccurate and incorrect information on my credit reports.

33. Despite receiving actual notice of the inaccuracies and errors, the Reporting Defendants failed to correct the credit reports.

34. As for Verizon only, despite multiple and time consuming telephone calls over the course of one year, many of which were documented, Verizon still failed to correct and withdraw the erroneous debt from the credit bureaus and from collection agencies.  At the very least, Verizon failed to report the debt as disputed to the bureaus.

35. As such, the Reporting Defendants negligently and willfully failed to investigate and correct the disputed information once notified of the dispute.

36. As a result, I suffered, and continue to suffer actual damages, including but not limited to, reduced credit limits, rejection of credit, and rejection of real property rentals and investments.

37. As such, I demand that each of the Reporting Defendants correct my credit report, withdraw any and all debts with collection agencies, and pay all actual and consequential damages in an amount to be determined by the Court at time of trial.

38. Based on the willful failure of the Reporting Defendants to investigate and correct the erroneous information, I request exemplary and punitive damages, in an amount not less then $1000 for each violation from each of the Reporting Defendants, for each error, in the sum of $150,000, and said sum increasing during the duration of this lawsuit, or in the alternative, an amount to be determined by the Court.


## AS AND FOR A THIRD CAUSE OF ACTION

39. Based upon the above claims under the FCRA, I request reasonable attorney fees for the successful enforcement of these claims.

40. As such, at the conclusion of this action, my bill will be presented to the Court for review and for judgment including the same.

## AS AND FOR A FOURTH CAUSE OF ACTION

41. Based upon the above claims under the FCRA, I request statutory damages for each violation, in the amount of $1000 for each violation, for each error, in the sum of $150,000, and said sum increasing during the duration of this lawsuit.

## AS AND FOR A FIFTH CAUSE OF ACTION

42. In December, 2007 and thereafter to each Transuinion, Equifax and Experian, and on May 29, 2007, July 24, 2007, July 25, 2007 and September 19, 2008 to Afni and IC Systems collections agencies, Verizon caused to be circulated and published defamatory information about me.

43. Particularly, Verizon stated to these third parties that I failed to pay a "balance of $109.57."

44. This statement was false, and is therefore defamatory.

45. This statement was furnished to the third parties with malice and/or willful intent to injure me, and was knowingly and intentionally circulated in conscious disregard for my rights.

46. Verizon had actual notice of its falsity, through, but not limited to, multiple disputes.

47. As a result of this defamatory statement, I suffered actual damages.

WHEREFORE, Plaintiff demands equitable relief demanding that each defendant correct the inaccurate information listed on my credit report, pay actual, consequential and statutory damages listed above, and such other further relief this honorable court deems just and proper.

DOROTHY H. RIGGIO

*Dorothy H. Riggio*

1515 Cropsey Avenue
Brooklyn, NY 11228
(718) 451-6029
May 20, 2009